# H. C. HASTINGS v. STATE.

No. A.-8483. April 14, 1933.
(21 Pac. [2d] 48.)

S. R. Harper, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was by information jointly charged with Lowell Terry of the crime of grand larceny; was tried separately, convicted, and sentenced to imprisonment in the state penitentiary at McAlester for five years, and appeals.

The testimony on behalf of the state shows that on or about the 25th day of February, 1932, W. C. Crook lost two bales of cotton from the cotton yard at Chattanooga, Comanche county, Okla.; Mr. Crook was a deputy county weigher at the cotton yard; the two bales of cotton were marked by a gin number and yard number; the cotton was missed on the morning of February 26, 1932.

The testimony further shows that on the morning of February 26, 1932, this defendant and codefendant, Lowell Terry, appeared in the city of Altus with the two bales of cotton that had been taken from the gin yard where

Mr. Crook was the weigher; defendant was arrested; and the tickets taken off the bales of cotton were found in the overcoat pocket of the defendant. The defendant did not offer any evidence.

The defendant contends the court erred in overruling his motion for a new trial. The motion for a new trial covers all the questions raised by the defendant. It is urged by the defendant that the state failed to prove the value of the two bales of cotton that had been taken by the defendant, which cotton was identified by the prosecuting witness, Crook. It is necessary, as contended by the defendant, that, in order to give the court jurisdiction, and to ascertain whether or not the larceny charged was petit or grand larceny, the value of the property taken must be established.

The testimony shows the weight of the bales of cotton taken, and it further shows that about the same time this cotton was taken the defendant and Lowell Terry had stolen at one time four bales of cotton and sold them in Frederick for $100; at another time they had gotten three bales of cotton and sold them for $80. In view of the fact that the weight of the bales of cotton was disclosed by the testimony, and that the price of the other bales of cotton that the defendant had assisted in taking on or about the same time this cotton was taken is given and shows to have been on an average of more than $25 a bale, and in view of the further fact that the question of the value of the property taken was not raised by the defendant in the trial of the case, no issue being joined as to the value of the property taken, and the taking of the bales of cotton not being disputed by the defendant, we hold that the testimony is sufficient to sustain the verdict and judgment.

The other errors complained of by the defendant are without merit. The defendant was accorded a fair and impartial trial; the court properly instructed the jury as to the law applicable to the facts in the case.

The judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.